IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT MARTIN, | CASE NO. 1:16 CV 1828 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| v. | |
| | <u>MEMORANDUM OF OPINION</u> |
| PNC CAPITAL INVESTMENT ADVISORS, *et al.* | |
| Defendants. | |

*Pro se* Plaintiff Robert Martin filed the above-captioned action under 42 U.S.C. § 1983 against PNC Capital Investment Advisors, Thompson Hine Attorney Michelle L. Vega, and Critchfield, Critchfield & Johnston Attorney Roper. In the Complaint, Plaintiff alleges Defendants did not properly manage funds in a trust to which he is a beneficiary. He asserts claims for breach of fiduciary duty, conversion, conspiracy, and violation of his Fourth, Fifth, and Fourteenth Amendment rights. He seeks monetary damages and imposition of a constructive trust.

**Factual and Procedural Background**

Plaintiff is an inmate in the Madison Correctional Institution, serving a life sentence imposed in 1974 for murder. In February 1990, Plaintiff's mother, Geraldine Cook, created an estate plan consisting of a Last Will and Testament and a Living Trust. *Martin v. Wayne County National Bank Trust and Investment*, No. 5:03 CV 1211 (N.D. Ohio Aug. 12, 2003)(Gaughan, J.). The Last Will and Testament provided that any assets remaining in her estate at the time of her death would be

transferred to the trust and administered according to its terms. *Id.* She died on August 22, 2002. *Id.*

Plaintiff was notified on October 30, 2002 by the law firm of Brennan, Manna, & Diamond that his mother's Last Will and Testament had been admitted to probate in the Wayne County Probate Court. *Id.* On March 4, 2003, he received another letter from Brennan, Manna, & Diamond indicating the probate of the estate had been completed and he would soon begin to receive payments in accordance with the terms of the trust. *Id.* He learned at that time that his interest in the trust was governed by a spendthrift provision which dictated he would receive only $ 50.00 per month from the net income of his portion of the trust estate.[1] *Id.* Any net income from his portion of the trust which exceeded $ 50.00 would be paid to his sister. *Id.* The trust document permits the Trustee, in its sole and absolute discretion, to invade the principal of the trust to provide for Plaintiff's care only "during such time as [he] is not incarcerated in any penal institution...." *Id.* Wayne County National Bank was named as the Trustee. *Id.* Wayne County National Bank later merged with PNC Bank making PNC Wealth Management the successor Trustee.

From 2003 to the present, Plaintiff repeatedly objected to the manner in which the trust principal was invested. *See Id.*; *Martin v. Skory,* 1:16 CV 504 (N.D. Ohio Mar. 28, 2016)(Boyko, J.); *Martin v. PNC Wealth Management,* No. 1:15 CV 820 (N.D. Ohio June 26, 2015)(Nugent, J.); *Martin v. Hawkins,* No. 5:04 CV 2387 (N.D. Ohio Feb. 28, 2005)(Gwin, J.). He continues to make that same claim in this case. He contends the trust assets initially totaled $53,082.71; however, the

---

[1] The trust estate was divided into two separate trusts: Trust A consisting of 40% of the estate which was managed for the benefit of Plaintiff, and Trust B consisting of 60% of the estate which was managed for the benefit of Plaintiff's sister.

Defendants allowed the principal to dwindle to a present value of $286.16.[2] He alleges the drastic decrease in principal is due to payment of trustee fees, taxes, and attorney fees. He asserts that the Defendants breached their fiduciary duties to invest the principal prudently, charged usury fees, and illegally converted trust principal. He also claims they engaged in a conspiracy and violated his Fourth, Fifth, and Fourteenth Amendment rights. He asks this Court to impose a constructive trust, and award him monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (ECF No. 3). That Application is denied.

## 28 U.S.C. § 1915(g)

Pursuant to 28 U.S.C. § 1915(a), a Court may authorize the commencement of an action without prepayment of fees if an applicant has shown by affidavit that he satisfies the criterion of poverty. Prisoners, however, become responsible for paying the entire amount of their filing fees and costs from the moment they file the Complaint. 28 U.S.C. § 1915(b); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (1997). When an inmate seeks pauper status, the only issue for the Court to determine is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. *Id.* Moreover, absent imminent danger, the benefit of the installment plan is denied to prisoners who have on three or more prior occasions, while incarcerated, brought an action that was dismissed on the grounds that it was frivolous, malicious or failed to state a claim upon which relief could be granted. 28 U.S.C. § 1915(g).

In interpreting the "three strike" language of this section, the United States Court of Appeals

---

[2] It is not clear from the Complaint if these amounts reflect funds deposited into Trust A for Plaintiff's benefit, the amount deposited into Trust B for his sister's benefit, or the consolidated amount in both trusts.

for the Sixth Circuit has held that "where a Complaint is dismissed in part without prejudice for failure to exhaust administrative remedies and in part with prejudice because 'it is frivolous, malicious, or fails to state a claim upon which relief may be granted,' the dismissal should be counted as a strike under 28 U.S.C. § 1915(g)." *Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007). Dismissals of actions entered prior to the effective date of the Prisoner Litigation Reform Act ("PLRA") also are counted toward the "three strikes referred to in 28 U.S.C. § 1915(g)." *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998).

As the language of 28 U.S.C. § 1915(g) indicates, the "three strike" provision will not apply if a "prisoner is under imminent danger of serious physical injury." For purposes of interpreting the statute, the Court considers whether Plaintiff is in imminent danger at the time of the filing of the Complaint. *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) ( "[T]he plain language of § 1915(g) requires the imminent danger to be contemporaneous with the Complaint's filing."). Although the Sixth Circuit has not offered a precise definition of "imminent danger," it has suggested that the threat of serious physical injury "must be real and proximate." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008). Moreover, the imminent danger exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver*, 416 F. App'x at 562; *see Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (suggesting courts should focus solely on the facts alleged in the Complaint when deciding whether a prisoner faces imminent danger).

### Discussion

Plaintiff filed at least seventeen prior cases, while incarcerated, that were dismissed under 28 U.S.C. § 1915(e) or 28 U.S.C. § 1915A. *See, e.g., Martin v. Skory*, 1:16 CV 504 (N.D. Ohio Mar.

28, 2016)(Boyko, J.); *Martin v. Mohr,* 1:16 CV 382 (N.D. Ohio Feb. 24, 2016)(Polster, J.); *Martin v. John Does*, No. 1:16 CV 383 (N.D. Ohio Apr. 8, 2016)(Polster, J.); *Martin v. PNC Wealth Management*, No. 1:15 CV 820 (N.D. Ohio June 26, 2015)(Nugent, J.); *Martin v. Hawkins*, No. 5:04 CV 2387 (N.D. Ohio Feb. 28, 2005)(Gwin, J.); *Martin v. Wayne County National Bank Trust and Investment*, No. 5:03 CV 1211 (N.D. Ohio Aug. 12, 2003)(Gaughan, J.); *Martin v. Rogers*, No. 3:95 CV 7101 (N.D. Ohio Mar. 29, 1995)(Katz, J.); *Martin v. Sobie*, No. 5:91 CV 511 (N.D. Ohio Apr. 11, 1991); *Martin v. Hill*, No. 1:91 CV 39 (N.D. Ohio Jan. 22, 1991)(Manos, J.); *Martin v. Wilson*, No. 1:91 CV 23 (N.D. Ohio Jan. 11, 1991)(Aldrich, J.); *Martin v. Cook*, No. 1:90 CV 1866 (N.D. Ohio Oct. 30, 1990)(Aldrich, J.); *Martin v. Boggs*, No. 1:90 CV 1767 (N.D. Ohio Oct. 31, 1990)(Batchelder, J.); *Martin v. Welch*, No. 2:10 CV 736 (S.D. Ohio Jan. 20, 2011)(Graham, J.); *Martin v. Lowery*, No. 2:04 CV 704 (S.D. Ohio Jan. 26, 2005)(Marbley, J.); *Martin v. Ohio Supreme Court*, No. 2:04 CV 613 (S.D. Ohio Nov. 5, 2004)(Sargus, J.); *Martin v. Coval*, No. 2:99 CV 703 (S.D. Ohio Nov. 9, 1999)(Smith, J.); *Martin v. Bustamonte*, No. 2:94 CV 1198 (S.D. Ohio Dec. 12, 1994). In addition, Plaintiff was denied *in forma pauperis* ("IFP") status under § 1915(g) in nine cases. *See Martin v. PNC Wealth Management*, No. 1:15 CV 820 (N.D. Ohio June 26, 2015)(Nugent, J.)(denied IFP on appeal); *Martin v. Welch*, No. 3:10 CV 1826 (N.D. Ohio Nov. 10, 2010)(Zouhary, J.); *Martin v. Bureau of Medical Services*, No. 2:16 CV 451 (S.D. Ohio Aug. 4, 2016)(Watson, J.)(report and recommendation issued denying IFP); *Martin v. ODRC*, No. 2:15 CV 2888 (S.D. Ohio May 5, 2016)(Sargus, J.); *Martin v. ODRC*, No. 2:15 CV 2872 (S.D. Ohio Jan. 20, 2016)(Frost, J.); *Martin v. HFC*, No. 2:15 CV 2435 (S.D. Ohio Dec. 1, 2015)(Smith, J.); *Martin v. Aramark Food Corp.*, No. 2:15 CV 1112 (S.D. Ohio Sept. 3, 2015)(Frost, J.); *Martin v. Harlan*, No. 2:14 CV 1553 (S.D. Ohio Jan. 22, 2016)(Frost, J.); *Martin v. HCA-Rouse*, No. 2:14 CV 46 (S.D.

Ohio Dec. 3, 2014)(Smith, J.). The "three strike" provision of § 1915(g) will apply to bar Plaintiff from proceeding *in forma pauperis* unless Plaintiff's Complaint suggests he was in imminent danger at the time he filed this action.

Plaintiff's Complaint, however, does not fall within the parameters of this exception. He challenges investment practices of a Living Trust to which he is one of the named beneficiaries. This case does not concern his conditions of confinement. The Complaint does not suggest he is in any danger of physical harm.

### Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 3) is denied and this case is dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[3] If Plaintiff wishes to proceed with this action, he must pay the full filing fee of $400.00 within thirty days, and must file a Motion to Re-Open the case. The Motion will not be accepted if it is not accompanied by the full filing fee. No other documents will be accepted for filing in this case unless the entire filing fee is paid, and the Motion to Re-Open has been granted.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: September 6, 2016

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.